UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DOUG WELBORN, IN HIS OFFICIAL CAPACITY AS CLERK OF COURT OF THE NINETEENTH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE, et al.** | * * * * * | **CIVIL ACTION** |
| | * | **NO: 3:12-CV-220** |
| Plaintiffs | * | |
| | * | **JUDGE JAMES J. BRADY** |
| v. | * | |
| | * | |
| **THE BANK OF NEW YORK MELLON, et al.** | * | **MAGISTRATE STEPHEN RIEDLINGER** |
| Defendants | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AGAINST
WASHINGTON MUTUAL FOR LACK OF SUBJECT-MATTER JURISDICTION OR,
IN THE ALTERNATIVE, TO JOIN THE DEFENDANTS' MOTION TO DISMISS FOR
<u>FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)</u>**

417501.1

## INTRODUCTION

Plaintiffs have sued Washington Mutual Bank ("WaMu"), a bank that the Office of Thrift Supervision ("OTS") seized and closed on September 25, 2008, after which the OTS appointed the Federal Deposit Insurance Corporation ("FDIC") as the failed bank's receiver. JPMorgan Chase Bank, N.A. ("Chase")—a separate defendant in this action—purchased from the FDIC certain WaMu assets and assumed certain WaMu liabilities that same day. Since that day, all claims "relating to" WaMu's pre-receivership conduct must, in the first instance, be submitted through the mandatory administrative claims process established by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 (1989) ("FIRREA"). 12 U.S.C. § 1821(d)(13)(D)(ii), (d)(6)(A). Plaintiffs' claims against WaMu are necessarily based on pre-receivership misconduct, since WaMu ceased to exist as an entity once it was placed into receivership. Yet there is no showing that Plaintiffs have complied with FIRREA's mandatory claims process.

Courts around the country have repeatedly dismissed suits under FED. R. CIV. P. 12(b)(1) for lack of subject-matter jurisdiction where, as here, plaintiffs have not exhausted FIRREA's administrative remedies. This court should reach the same result with regard to the Plaintiffs' claims against WaMu.

If the Court disagrees, for the reasons expressed therein, Chase, as purchaser of certain assets and liabilities of WaMu from the FDIC acting as receiver for WaMu, joins in the Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 69, pursuant to FED. R. CIV. P. 12(b)(6).[1]

---

[1] Chase is filing this motion because the Plaintiffs, while suing WaMu, purported to serve Chase on August 10, 2012 "as successor" to WaMu. As noted above, that is incorrect.

## FACTUAL BACKGROUND

The OTS seized and closed WaMu on September 25, 2008 and appointed the FDIC as receiver. *See* OTS Order No. 2008-36 (Sept. 25, 2008), *available at* http://files.ots.treas.gov/680024.pdf (attached to this Motion as Exhibit 1).[2] The FDIC thus took over "all rights, titles, powers, and privileges" of the failed bank. 12 U.S.C. § 1821(d)(2)(A)(i). The FDIC then transferred substantially all of WaMu's assets and certain of its liabilities to Chase pursuant to the P & A Agreement. *See* P & A Agreement (Sept. 25, 2008), *available at* http://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf (attached to this Motion as Exhibit 2).

Lumping together each of the so-called "Defendant Shareholders," including WaMu, Plaintiffs allege in the Second Amended Complaint ("SAC") that the Defendant Shareholders, as shareholders of MERSCORP, Inc. and Members of Mortgage Electronic Registration Systems, Inc. (collectively, "MERS"), participated in a pattern of racketeering activity in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). *See* SAC ¶¶ 1, 5, 64, 71. The SAC alleges that the Defendant Shareholders directed the affairs of MERS

---

[2] Pursuant to FED. R. EVID. 201(b), Chase respectfully requests that this Court take judicial notice of the OTS Order (Ex. 1) and the Purchase and Assumption Agreement Among FDIC, Receiver of Washington Mutual Bank, and JPMorgan Chase Bank, N.A. ("P & A Agreement") (Ex. 2). Publicly-available government documents whose accuracy cannot reasonably be questioned are subject to judicial notice by the court and appropriately considered on a motion to dismiss. *See R2 Investments LDC v. Phillips*, 401 F.3d 638, 639 n.2 (5th Cir. 2005); *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005). Courts routinely take judicial notice of the order by the OTS closing WaMu and appointing the FDIC as receiver, as well as the P & A Agreement between the FDIC and Chase, as copies of these documents are maintained by the OTS and FDIC on their official websites. *See, e.g.*, *Yetiv v. Chase Home Finance LLC*, No. 11-1250, 2012 WL 112597, at *4 n.1 (S.D. Tex. Jan. 11, 2012); *Tubin v. Washington Mut. Sav. Bank*, No. 09-01905, 2011 WL 5834302, at *1 n. 1 (D. Nev. Nov. 17, 2011); *Lemperle v. Washington Mut. Bank*, No. 10-1550, 2010 WL 3958729, at *3 (S.D. Cal. Oct. 7, 2010) (taking judicial notice of the OTS order closing WaMu and appointing the FDIC as receiver, and the P & A Agreement entered between the FDIC and Chase, because "government reports and publications, including information on the Department of the Treasury and the FDIC's official websites is [*sic*] judicially noticeable.").

417501.1

to "unlawfully avoid payment of required recording fees," and, in doing so, received illicit financial benefits. SAC ¶¶ 34, 57, 71, 74. Plaintiffs allege that in furtherance of the MERS scheme to avoid recording fees, the Defendant Shareholders misrepresented to homeowners and investors the need for recording mortgage assignments under Louisiana law; mailed "false notices," including foreclosure documents, to Plaintiffs and homeowners; and actively concealed the "lack of valid assignments" from Plaintiffs, homeowners, and investors. SAC ¶¶ 57, 71, 77. Plaintiffs attach to the SAC a "representative sample" of documents that WaMu, and certain other Defendants, allegedly mailed or transmitted in furtherance of the MERS scheme. SAC ¶ 76 & Ex. A-7 (attached to this Motion as Exhibit 3). All but one of the documents attributed on the SAC Exhibit List to WaMu were mailed or transmitted in 2003, several years before WaMu was placed into receivership.[3] *See* Ex. 3.

Plaintiffs state that this alleged conduct continues to the present on the part of all the Defendant Shareholders, including WaMu. SAC ¶¶ 1, 73. But, because WaMu was closed and entered receivership on September 25, 2008, WaMu's misconduct, if any, necessarily ended on that day.[4]

---

[3] Plaintiffs' Exhibit A-7 includes a "Notarial Endorsement and Assignment of Mortgage Note and Mortgage," which is an assignment by MERS as nominee for Chase of a loan originated by WaMu that was allegedly mailed or transmitted on October 13, 2011, more than three years *after* WaMu was closed and placed into receivership. *See* Ex. 3, at 10-12. The SAC, however, contains no allegations that Chase, which assumed certain WaMu assets and liabilities from the FDIC on September 25, 2008, mailed or transmitted this document in furtherance of the MERS scheme, or otherwise engaged in post-receivership misconduct relating to WaMu assets. To the extent Plaintiffs do bring allegations of post-receivership wrongdoing by Chase relating to WaMu assets, those claims are not subject to dismissal under FED. R. CIV. P. 12(b)(1), but should be dismissed under FED. R. CIV. P. 12(b)(6) for the reasons set forth in the Defendants' Motion to Dismiss, ECF. No. 69.

[4] Separately, Plaintiffs have also sued an entity called Chase Home Mortgage Corporation of the Southeast (the "Southeast Company") and have attempted to effect service on that entity by serving Chase as "successor" to the Southeast Company. SAC ¶ 9; Summons Issued as to Chase Home Mortgage Corporation of the Southeast, ECF No. 15 (attached to this

417501.1

3

**ARGUMENT**

**I.     FIRREA'S JURISDICTIONAL BAR REQUIRES DISMISSAL OF CLAIMS "RELATING TO" WAMU'S CONDUCT**

Federal courts are courts of limited jurisdiction and therefore have power to adjudicate claims only when jurisdiction is conferred by statute or the Constitution. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A court properly dismisses a case under FED. R. CIV. P. 12(b)(1) for lack of subject-matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

FIRREA was enacted by Congress to provide an administrative review process for all claims asserted against a failed institution that is in FDIC receivership. *See* 12 U.S.C. § 1821(d)(3), (5), (6).[5] The statute divests jurisdiction from all courts to hear claims relating to conduct of a failed institution, unless and until an administrative review process has been exhausted. *F.D.I.C. v. Scott*, 125 F.3d 254, 258-59 (5th Cir. 1997); *Home Capital Collateral, Inc. v. F.D.I.C.*, 96 F.3d 760, 763-64 (5th Cir. 1996); *Meliezer v. Resolution Trust Co.*, 952 F.2d 879, 882-83 (5th Cir. 1992). Specifically, FIRREA provides in relevant part:

---

Motion as Exhibit 4). The Southeast Company was dissolved in 2008. Chase is not the successor to the Southeast Company and did not acquire its assets. As a result, Chase cannot respond to the SAC on behalf of the Southeast Company and has so informed counsel for the Plaintiffs. The shares in MERSCORP, Inc. previously held by the Southeast Company are now held by MorServ, Inc., a subsidiary of JPMorgan Chase & Co., an entity that was not sued in the SAC.

[5]    FIRREA's administrative claims review process, 12 U.S.C. § 1821(d)(3), (5), (6), governs the filing, determination, and payment of claims against a failed bank following the appointment of the FDIC as receiver. The receiver has 180 days from the date of the filing of a claim to allow or disallow the claim. 12 U.S.C. § 1821(d)(5)(A)(i). If a claim is disallowed, the claimant may request further administrative review or file suit in federal court. 12 U.S.C. § 1821(d)(6)(A).

417501.1

4

> (D) [N]o court shall have jurisdiction over—
>
> . . .
>
> (ii) any claim relating to any act or omission of [a failed bank] or the [FDIC] as receiver.

12 U.S.C. § 1821(d)(13)(D)(ii).  Because Plaintiffs do not allege that they have exhausted their administrative remedies under FIRREA, claims "relating to" WaMu's pre-receivership conduct should be dismissed for lack of subject-matter jurisdiction.  *See Prieto v. Standard Fed. Sav. Bank*, 903 F. Supp. 670, 671 (S.D.N.Y. 1995) (dismissing unexhausted claims under FIRREA where claimant "does not allege that she submitted her claims . . . for administrative review.").

Even if Plaintiffs sued Chase as "successor" to WaMu, SAC ¶ 16, which it is not, their claims should still be dismissed.  Courts have consistently held that FIRREA compels the dismissal of claims relating to any act of a failed back for lack of subject-matter jurisdiction, whether the claim is asserted against the FDIC as receiver or the acquiring bank.  As the Sixth Circuit stated, "permit[ting] claimants to avoid [the administrative claims process] by bringing claims against the assuming bank . . . would encourage the very litigation that FIRREA aimed to avoid."  *Vill. of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 386 (6th Cir. 2008) (internal quotation marks omitted); *see also Am. First Federal, Inc. v. Lake Forest Park, Inc.*, 198 F.3d 1259, 1263-65 (11th Cir. 1999) (dismissing counterclaim against purchasing bank relating to assets and conduct of failed bank for failure to exhaust FIRREA remedies).  Indeed, courts have repeatedly dismissed claims against Chase "relating to" WaMu's pre-receivership conduct.  *See Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1209, 1214-15 (9th Cir. 2012) (affirming dismissal of claims against Chase relating to WaMu's pre-receivership conduct that had not been exhausted under FIRREA and cautioning that plaintiffs could not "avoid FIRREA's administrative requirements through strategic pleading."); *Aber-Shukofsky v. JPMorgan Chase &*

*Co.*, 755 F. Supp. 2d 441, 447-48 (E.D.N.Y. 2010) (dismissing claims brought against Chase relating to WaMu conduct and finding that plaintiffs could not "claim successor liability and circumvent FIRREA's jurisdictional bar"); *In re Shirk*, 437 B.R. 592, 602 (Bankr. S.D. Ohio 2010) (holding that plaintiffs "cannot circumvent FIRREA's jurisdictional bar by bringing their claims directly against Chase, as purchaser of WaMu's assets from the FDIC").

## **CONCLUSION**

Because Plaintiffs have not alleged that they have availed themselves of FIRREA's administrative claims process, this Court lacks subject-matter jurisdiction over any claims related to conduct by WaMu. As a result, any claims against WaMu should be dismissed pursuant to FED. R. CIV. P. 12(b)(1). Alternatively, the claims against WaMu should be dismissed for the reasons set forth in the Defendants' Motion to Dismiss, ECF No. 69, pursuant to FED. R. CIV. P. 12(b)(6).

DATED: August 31, 2012

                    Respectfully submitted,

                    /s/ Michael Ferachi
                    Michael D. Ferachi (Bar No. 19566)
                    Christine Lipsey (Bar No. 1182)
                    McGlinchey Stafford PLLC
                    One American Place, Fourteenth Floor
                    301 Main Street
                    Baton Rouge, Louisiana 70825
                    Telephone: (225) 383-9000
                    Facsimile: (225) 343-3076
                    mferachi@mcglinchey.com
                    clipsey@mcglinchey.com

                    Of Counsel:

                    Mary Beth Hogan
                    Dino LaVerghetta
                    DEBEVOISE & PLIMPTON LLP
                    919 Third Avenue
                    New York, New York 10022
                    Telephone: (212) 909-6996
                    Facsimile: (212) 909-6836
                    mbhogan@debevoise.com
                    dllaverg@debevoise.com

                    *Attorneys for Defendant JPMorgan Chase Bank, N.A. as Purchaser of Certain Assets and Liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation Acting as Receiver for Washington Mutual*