# Exhibit 1

# OFFICE OF THRIFT SUPERVISION

## Receivership Of A Federal Savings Association

Date: September 25, 2008
Order No.: 2008-36
OTS No.: 08551

The Director of the Office of Thrift Supervision (OTS), or his designee, in cooperation with the Federal Deposit Insurance Corporation (FDIC), has determined to appoint the FDIC as receiver of Washington Mutual Bank, Henderson, Nevada (Savings Bank).

## GROUNDS FOR APPOINTMENT OF FDIC AS RECEIVER FOR THE SAVINGS BANK

The Director, or his designee, based upon the administrative record finds and determines the following:

(i) The Savings Bank is likely to be unable to pay its obligations or meet its depositors' demands in the normal course of business; and

(ii) The Institution is in an unsafe or unsound condition to transact business.

The Savings Bank is a Federally chartered savings bank, the accounts of which are insured by the Deposit Insurance Fund (DIF). The Savings Bank has its home office in Henderson, Nevada. As of June 30, 2008, the Savings Bank reported total assets of $307 billion.

## DISCUSSION OF GROUNDS FOR APPOINTMENT OF A RECEIVER FOR THE SAVINGS BANK

Section 5(d)(2)(A) of the Home Owners' Loan Act (HOLA), 12 U.S.C. § 1464(d)(2)(A), provides that the Director may appoint a receiver for any insured savings association if the Director determines that one or more grounds specified in section 11(c)(5) of the Federal Deposit Insurance Act (FDIA), 12 U.S.C. § 1821(c)(5), exist.

Under section 11(c)(5)(F) of the FDIA, the Director may appoint a receiver if a savings association is likely to be unable to pay its obligations or meet its depositors' demands in the normal course of business because it does not have sufficient liquid assets to fund expected withdrawals. The Savings Bank has insufficient cash and liquid assets convertible to cash necessary to pay its obligations and the expected withdrawal demands of its depositors. The Savings Bank has suffered significant cash outflows, exceeding

$22 billion since July 2008, in part because of adverse publicity. The Savings Bank has limited and diminishing liquidity sources available to it and the current rate of outflow will deplete the Savings Bank's cash resources and liquidity within a short period of time.

Therefore, the Director concludes that the Savings Bank is likely to be unable to pay its obligations or meet its depositors' demands in the normal course of business because it does not have sufficient liquid assets to pay those obligations and fund the expected withdrawals.

Under section 11(c)(5)(C) of the FDIA, the Director may appoint a receiver if a savings association is in an unsafe or unsound condition to transact business. The Savings Bank is in an unsafe and unsound condition as a result of its severe liquidity strain, deteriorating asset quality, and continuing significant negative operating earnings with no realistic prospects for raising capital to ensure that it can repay all of its liabilities, including deposits.

The Director, or his designee, therefore, has determined that grounds for the appointment for a receiver for the Savings Bank exist under section 5(d)(2) of the HOLA, and sections 11(c)(5)(C) and (F) of the FDIA, 12 U.S.C. §§ 1821(c)(5)(C) and (F).

## ACTIONS ORDERED OR APPROVED

### Appointment of a Receiver

The Director, or his designee, hereby appoints the FDIC as receiver for the Savings Bank, for the purpose of liquidation, pursuant to section 5(d)(2) of the HOLA, and section 11(c)(6)(B) of the FDIA, 12 U.S.C. § 1821(c)(6)(B).

### Delegation of Authority to Act for OTS

The Director, or his designee, hereby authorizes the OTS West Regional Director, or his designee, and the Deputy Chief Counsel for the Business Transactions Division of the Chief Counsel's office, or his designee, to: (i) certify orders; (ii) sign, execute, attest, or certify other documents of OTS issued or authorized by this Order; (iii) designate the persons or entity that will give notice of the appointment of a receiver for the Savings Bank and serve the Savings Bank with a copy of this Order pursuant to 12 C.F.R. § 558.2; and (iv) perform such other functions of OTS necessary or appropriate for implementation of this Order. All documents to be issued under the authority of this Order must be first approved, in form and content, by the Chief Counsel's Office. In addition, the Director, or his designee, hereby authorizes the Deputy Chief Counsel for the Business Transactions Division of the Chief Counsel's office, or his designee, to

make any subsequent technical corrections, that might be necessary, to this Order, or any documents issued under the authority of this Order.

By Order of the Director of OTS, effective September 25, 2008.

_____
John M. Reich
Director