UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DOUG WELBORN, IN HIS OFFICIAL CAPACITY AS CLERK OF COURT OF THE NINETEENTH JUDICIAL DISTRICT FOR THE PARISH OF EAST BATON ROUGE, LOUISIANA, et al.;** | * * * * * * | |
| *Plaintiffs,* | * * | **CIVIL ACTION NO. 3:12-CV-220** |
| v. | * * | **JUDGE JAMES J. BRADY** |
| **THE BANK OF NEW YORK MELLON CORPORATION, et al.** | * * * * | |
| *Defendants.* | * * * * | **MAG. JUDGE STEPHEN C. RIEDLINGER** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## SUPPLEMENTAL AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS

Undersigned Defendants respectfully submit this supplemental memorandum in further support of their Motion to Dismiss (Doc. No. 69).

As supplemental authority in support of their pending Joint Motion to Dismiss, undersigned defendants submitted the Order in *Brown v. MERS, Inc., et al.*, No. 6:11-cv-06070 (Dkt. No. 144) (W.D. Ark. Sept. 17, 2012) (Exhibit 1 hereto). It is the **tenth** decision dismissing a lawsuit alleging that mortgage assignments must be recorded under state law.[1]

---

[1] Three cases were filed by county clerks. *Fuller v. Mortg. Elec. Registration Sys., Inc.*, 2012 WL 3733869 (M.D. Fla. June 27, 2012); *Plymouth County v. MERSCORP, Inc.*, 2012 U.S. Dist. LEXIS 117709, at *25 (N.D. Iowa Aug. 21, 2012); *Christian County v. Mortg. Elec. Registration Sys., Inc.*, 2012 WL 566807 (W.D. Ky. Feb. 21, 2012). Six were *qui tam* cases filed by a private plaintiff. *Bates v. Mortg. Elec. Registration Sys., Inc.*, 2011 WL 892646 (E.D. Cal. Mar. 11, 2011), *aff'd*, 2012 WL 4054142 (9th Cir. Sept. 17, 2012); *Bates v. Mortg. Elec. Registration Sys., Inc.*, 2011 U.S. Dist. LEXIS 40356 (D. Nev. Mar. 30, 2011); *aff'd*, 2012 WL *Bates* v. *Mortg. Elec. Registration Sys., Inc.*, No. 2010 CA 002993 (D.C. Super. May 7, 2012) (Exhibit 2 to Joint Motion to Dismiss); *Bates v. Am. Lending Alliance*, No. 10-1-0160-01 (Haw. Mar. 12, 2012) (Exhibit 3 to Joint Motion to Dismiss); *Bates v. Mortg. Elec. Registration Sys.,*

1

Defendants also respectfully submit the decisions in *Bates v. Mortg. Elec. Registration Sys., Inc.*, 2012 WL 4058052 (9th Cir. Sept. 17, 2012) (Exhibit 2 hereto) and *Bates* v. *Mortg. Elec. Registration Sys., Inc.*, 2012 WL 4054142 (9th Cir. Sept. 17, 2012) (Exhibit 3 hereto). In these decisions, the Ninth Circuit affirmed dismissals of *qui tam* suits alleging a duty to record mortgage assignments under state law. These supplemental authorities provide further support for dismissing this lawsuit in its entirety.

I.   The <u>Brown</u> decision.

Judge Hickey in *Brown v. MERS, Inc., et al.* rejected the argument that when lenders transfer interests in loans, they are required by state law to create and record assignments of mortgages in land records, holding that Arkansas law imposed no duty to record mortgage assignments. Order at 5-6. Rather, Arkansas' recording scheme *allows* recording of mortgage assignments to provide "constructive notice to subsequent purchasers that the subject property is encumbered by the mortgage." *Id.* at 5. The Court explained that "[i]f a mortgagee wishes to gain the protection of the recording statute, he must pay the recording fee and record. If he wishes, on the other hand, to go unrecorded, he may do so." *Id.* at 6.

The same is true here. Just as in Arkansas, Louisiana law imposes no duty to record mortgage assignments. Joint Motion to Dismiss at 19-22. Rather, the plain language of the statutes and case law construing them shows that Louisiana law is entirely permissive. It *allows* a creditor to record security instruments of assignments if it chooses to do so, but does not *mandate* any such filings. Joint Motion to Dismiss at 20. Nor does the federal Trust Indenture Act mandate recordation. Reply in Support of Joint Motion to Dismiss at 10-11.

---

*Inc.*, No. 49D12-0911-CT-051734 (Ind. June 22, 2012) (Exhibit 4 to Joint Motion to Dismiss); *Bates v. Mortg. Elec. Registration Sys., Inc.*, No. MCRE-1010 (Tenn. Apr. 4, 2012) (Exhibit 5 Joint Motion to Dismiss).

Second, the Court in *Brown* rejected the notion that defendants "imposed upon themselves by contract a duty to record a mortgage when the underlying loan debt is sold to a non-MERS purchaser," and plaintiff enjoyed "the right to enforce that contract." Order at 6. To the contrary, Judge Hickey explained that the presumption in Arkansas "is that parties contract only for themselves," and plaintiff had "not shown substantial evidence that Defendants clearly intended to benefit her when they contracted." *Id.* As a result, the Court concluded, "Plaintiff is not a third-party beneficiary of Defendants' contracts, and may not enforce any recording duty contained in them." *Id.* at 6-7.

Likewise, Plaintiffs here cannot state a claim based on the assertion that MERS violated representations in prospectuses related to mortgage-backed securities. Reply in Support of Joint Motion to Dismiss at 12-14. As Defendants explained, Plaintiffs are not purchasers of securities, and so lack standing to complain about alleged misstatements in prospectuses. *Id.* at 13.

Third, Judge Hickey held in *Brown* that only defendants "bear the consequences of inaccurate recording." Order at 7. Moreover, if such recording "causes a specific harm to third-parties rather than to the false recorder itself, Plaintiff has not shown that she has suffered that specific harm, and so she lacks standing to sue on that theory." *Id.* Similarly, Defendants have shown here that Plaintiffs have not suffered an injury based on an alleged "lack of recording." Reply in Support of Joint Motion to Dismiss at 6. Moreover, Defendants have explained that Plaintiffs assert no cognizable injury whatsoever, let alone an injury to "business or property" sufficient to grant Plaintiffs standing under RICO. Joint Motion to Dismiss at 13-15; Reply in Support of Joint Motion to Dismiss at 7-9.

Finally, *Brown* dismissed all of the plaintiff's claims—for unjust enrichment and violation of the Arkansas Deceptive Trade Practices Act— because they depended on the

3

existence of a duty to record mortgage assignments. Order at 5, 7. Here, Plaintiffs' claims also all depend on their underlying theory that state and federal law somehow mandates recording of assignments. Because no such no duty exists under Louisiana and federal law, the complaint fails to state cognizable claims for relief.

**II. The Ninth Circuit's <u>Bates</u> Decisions.**

On March 30, 2011, the U.S. District Court for the District of Nevada dismissed a *qui tam* action brought by plaintiff Barrett Bates as "legally frivolous" because no duty existed to record assignments of mortgages under Nevada law. *Bates v. Mortg. Elec. Registration Sys., Inc.*, 2011 WL 1304486, at *3 (D. Nev. Mar. 30, 2011). In *Bates v. Mortg. Elec. Registration Sys., Inc.*, 2012 WL 4058052 (9th Cir. Sept. 17, 2012), the Ninth Circuit affirmed the dismissal, finding that Bates did not allege that Defendants "had an obligation to the Counties to record assignments of interests in loans and pay corresponding recording fees." *Id.* at *1 (internal quotations omitted). As the Ninth Circuit explained, Bates could not "make this allegation because there is no such 'obligation' under Nevada law." *Id.* Likewise, Plaintiffs' claims here fail because they cannot show an obligation to record mortgage assignments under Louisiana or federal law. Joint Motion to Dismiss at 19-22; Reply in Support of Joint Motion to Dismiss at 10-11.

Similarly, Judge Burrell of the Eastern District of California dismissed a nearly identical *qui tam* suit by Bates alleging that assignments must be recorded under California law because his allegations were "substantially similar to information already in the public domain." *Bates v. Mortg. Elec. Registration Sys., Inc.*, 2011 WL 892646 at *4 (E.D. Cal. Mar. 11, 2011). In *Bates v. Mortg. Elec. Registration Sys., Inc.*, 2012 WL 4054142 (9th Cir. Sept. 17, 2012), the Ninth Circuit affirmed. After finding that "numerous prior public disclosures sufficed to place the

4

government on notice of the factual allegations" regarding MERS in his complaint, the Court noted that Bates could not escape this jurisdictional bar by claiming status as an "original source." *Id.* at *3. Indeed, Bates' "alleged discovery of the MERS System fraud in June 2009 postdated numerous public disclosures." *Id.* This conclusion further undercuts Plaintiffs' argument here that information regarding Defendants' role in MERS "lies within the sole control of Defendants," Opposition at 28, and bolsters Defendants' argument that "MERS' operations have been the subject of extensive public media scrutiny since the mid-1990s." Reply in Support of Joint Motion to Dismiss at 19 n.17.

Respectfully submitted,

/s/ Kent A. Lambert
Kent A. Lambert (La. Bar. #22458)
Katie L. Dysart (La. Bar #31449)
BAKER DONELSON BEARMAN CALDWELL &
BERKOWITZ, PC
201 St. Charles Ave., Ste. 3600
New Orleans, La. 70170
Tel.: (504) 566-5200
Fax: (504) 636-4000
klambert@bakerdonelson.com
kdysart@bakerdonelson.com

*Attorneys for CitiMortgage, Inc. and Wells Fargo Bank, N.A.*

Thomas M. Hefferon (*pro hac vice*)
Joseph F. Yenouskas (*pro hac vice*)
GOODWIN PROCTER LLP
901 New York Ave., N.W.
Washington, D.C. 20001
Tel.: 202.346.4000
Fax: 202.346.4444
thefferon@goodwinprocter.com
jyenouskas@goodwinprocter.com

*Attorneys for Bank of New York Mellon, Bank of America, N.A., Merrill Lynch Credit*

/s/ Anthony Rollo
Anthony Rollo (La. Bar #1133)
Christine Lipsey (La. Bar #1182)
Kimberly Higginbotham (La. Bar #31779)
MCGLINCHEY STAFFORD, PLLC
Fourteenth Floor, One America Place
Baton Rouge, La. 70825
Tel.: (225) 383-9000
Fax: (225) 343-3076
arollo@mcglinchey.com
clipsey@mcglinchey.com
khigginbotham@mcglinchey.com

*Attorneys for Bank of New York Mellon, Bank of America, N.A., Merrill Lynch Credit Corporation, and La Salle Bank, N.A.*

/s/ Thomas V. Panoff
Lucia Nale (*pro hac vice*)
Thomas V. Panoff (*pro hac vice*)
MAYER BROWN LLP
71 South Wacker Dr.
Chicago, Ill. 60606
Tel.: (312) 701-8821
Fax: (312) 706-8297
lnale@mayerbrown.com
tpanoff@mayerbrown.com

5

*Corporation, La Salle Bank, N.A., and Wells Fargo Bank, N.A.*

/s/ Monique Lafontaine
Monique Lafontaine
LOCKE LORD LLP
601 Poydras St., Ste. 2660
New Orleans, LA  70130
Tel.: 504-558-5133
Fax: 504-681-5223
mlafontaine@lockelord.com

P. Russell Perdew (*pro hac vice*)
LOCKE LORD LLP
111 South Wacker Dr.
Chicago, Ill.  60606
Tel.: (312) 443-1712
Fax: (312) 896-6712
rperdew@lockelord.com

*Attorneys for U.S. Bank N.A.*

/s/ Michael D. Ferachi
Michael D. Ferachi (La. Bar #19566)
Christine Lipsey (La. Bar #1182)
Fourteenth Floor, One American Place
301 Main St.
Baton Rouge, La.  70825
Tel.: (225) 383-9000
Fax: (225) 343-3076
mferachi@mcglinchey.com
clipsey@mcglinchey.com

Of counsel:

Mary Beth Hogan
Dino LaVerghetta
DEBEVOISE & PLIMPTON LLP
919 Third Ave.
New York, N.Y.  10022
Tel.: (212) 909-6996
Fax: (212) 909-6836
mbhogan@debevoise.com
dllaverg@debevoise.com

*Attorneys for CitiMortgage, Inc.*

/s/ James S. Wertheim
James S. Wertheim (*pro hac vice*)
MCGLINCHEY STAFFORD, PLLC
2550 Chagrin Boulevard, Ste. 406
Cleveland, Ohio  44122-4640
Tel.: (216) 378-9905
Fax: (216) 378-9910
Email:  jwertheim@mcglinchey.com

Christine Lipsey (LA Bar No. 1182)
Kimberly Higginbotham (LA Bar No. 31779)
MCGLINCHEY STAFFORD, PLLC
Fourteenth Floor, One American Place
Baton Rouge, La.  70825
Tel.: (225) 383-9000
Fax: (225) 343-3076
Email:  clipsey@mcglinchey.com
khigginbotham@mcglinchey.com

*Attorneys for SunTrust Mortgage, Inc.*

/s/ Monique Weiner
Monique Weiner (La. Bar #23233)
Mark Best (La. Bar #29090)
KUCHLER POLK SCHELL WEINER & RICHARDSON, LLC
1615 Poydras St., Ste. 1300
New Orleans, La.  70112
Tel.: (504) 592-0691
Fax: (504) 592-0697
mweiner@kuchlerpolk.com
mbest@kuchlerpolk.com

Of counsel:

Michael H. Carpenter (*pro hac vice*)
Katheryn M. Lloyd (*pro hac vice*)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Ste. 1300
280 North High St.
Columbus, Ohio  43215
Tel.: (614) 365-4100

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

/s/ Gregory J. Marshall
Gregory J. Marshall (*pro hac vice*)
SNELL & WILMER LLP
One Arizona Center
400 E. Van Buren
Phoenix, Ariz. 85004-2202
Tel.: (602) 382-6514
Fax: (602) 382-6070
gmarshall@swlaw.com

Thomas K. Potter, III (La. Bar #17438)
BURR & FORMAN LLP
700 Two American Center
3102 West End Ave.
Nashville, Tenn. 37203
Tel.: (615) 724-3200
Fax: (615) 724-3290
tpotter@burr.com

Katrina L. Dannheim (La. Bar #33773)
BURR & FORMAN LLP
11 North Water St., Ste. 22200
Mobile, Ala. 36602
Tel.: (251) 345-8234
Fax: (251) 344-9696
kdannheim@burr.com

*Attorneys for HSBC Finance Corporation and HSBC Bank USA, N.A.*

Fax: (614) 365-9145
carpenter@carpenterlipps.com
lloyd@carpenterlipps.com

*Attorneys for Defendant Nationwide Advantage Mortgage Company*

/s/ Covert J. Geary
Covert J. Geary
JONES WALKER
201 St. Charles Ave.
New Orleans, La. 70170-5100
Tel.: 504.582.8276
Fax: 504.589.8276
cgeary@joneswalker.com

/s/ Elizabeth A. Frohlich
Elizabeth A. Frohlich (*pro hac vice* to be submitted)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, Cal. 94105-1126
Tel.: (415) 442-1000
Fax: (415) 442-1001
efrohlich@morganlewis.com

*Attorneys for Defendant Deutsche Bank AG*

/s/ V. Thomas Clark, Jr.
V. Thomas Clark, Jr. (La. Bar #20519)
William D. Shea (La. Bar # 29419)
Scott M. Levy (La. Bar #33243)
ADAMS AND REESE, LLP
450 Laurel St., Ste. 1900
Baton Rouge, La. 70801
Tel.: (225) 336-5220
Fax: (225) 336-5220

*Attorneys for United Guaranty Corp.*

Dated: September 21, 2012

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of September, 2012, the undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all of the attorneys of record.

                                                      /s/ Kent A. Lambert  
                                                     Kent A. Lambert