# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MAYME BROWN, individually and
in her official capacity as circuit clerk of
Hot Spring County, Arkansas, and on behalf
of all circuit clerks in the State of Arkansas                                    PLAINTIFFS


VS.                                    CASE NO. 6:11-CV-06070


MORTGAGE ELECTRONIC REGISTRATION
SYSTEM, INC., *et al.*                                                            DEFENDANTS


## ORDER

Before the Court is a motion to dismiss filed by various Defendants.[1] (ECF No. 103).

Plaintiff has responded (ECF No. 129). The matter is ripe for the Court's consideration. For the

following reasons, the motion will be granted.[2]

## BACKGROUND

Plaintiff is the Circuit Clerk of Hot Spring County. She filed this suit in that capacity on

behalf of herself and all other Arkansas Circuit Clerks. She also sued in her individual capacity.

She alleges that Defendants have used the Mortgage Electronic Registration System ("MERS")

to deprive Arkansas counties of recording fees. She contends that doing so violated the Arkansas

Deceptive Trade Practices Act ("ADTPA"), unjustly enriched Defendants, and constituted an

illegal exaction under Article 16, § 13 of the Arkansas Constitution. She brought this suit on

---

[1] Those Defendants are: Bank of America, N.A.; Countrywide Homes Loans, Inc.; Wells Fargo, N.A.; Mortgage Electronic Registration Systems, Inc.; MERSCORP, Inc.; National City Bank; National City Mortgage; National City Corp.; PNC Financial Services Group, Inc.; CitiMortgage Inc. and CitiFinancial Mortgage Company, Inc.; J.P. Morgan Chase Bank, N.A.; HSBC Mortgage Services, Inc.; NovaStar Mortgage, Inc.; and Bank of England. Defendant Deutsche Bank National Trust Company has joined the motion to dismiss. (ECF No. 118).

[2] After Defendants filed the pending motion to dismiss, Plaintiff twice amended her complaint. (ECF Nos. 128 & 135). Those amended complaints merely dropped certain parties and corrected the name of a party. They did not change the claims Plaintiff makes against the remaining Defendants. Therefore, Defendants' pending motion to dismiss applies with equal force to Plaintiff's amended complaints.

August 15, 2011 in Hot Spring County Circuit Court, and Defendants removed it to this Court on September 14, 2011. Plaintiff's illegal-exaction claim gives the Court jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) (2006), because it puts Plaintiff's damages potentially above $5 million, and her class size potentially above 100 members. (ECF No. 88).

MERS is a program developed in the early 1990s to streamline the process of transferring mortgages. When a buyer takes out a loan to buy real estate, he or she ordinarily secures the debt by giving a mortgage to the lender. The lender then records that mortgage with the county to preserve the priority of its debt security against later purchasers or lien holders. When a lender sells its right to payment, however, the new debt holder must rerecord the mortgage to keep its priority.

MERS streamlines that process. Under MERS, when a member lender records a mortgage, it designates MERS as the beneficiary of the mortgage, even though the lender still holds the note. That way, when the lender transfers the note to another entity, the mortgage designee does not change, and so no rerecording is required. MERS thus saves time and money for lenders, especially ones in markets such as the secondary-mortgage market where mortgage debt is frequently bought and sold.

The essential point of Plaintiff's claims is that Defendants are using MERS to deprive Arkansas counties of recording fees Defendants should be paying but are avoiding through MERS. Plaintiff contends that Defendants have a duty to record mortgages and to record them truthfully. She argues that Defendants' first recordings are untruthful because MERS cannot legally serve as beneficiary for Defendants' mortgages. She argues that Defendants then use those untruthful first recordings to avoid their duty to record subsequent mortgage transfers.

Defendants deny that they have a duty to record mortgages at all, and also that they have a duty to record truthfully.

## STANDARD OF REVIEW

The Court should grant a motion to dismiss if the plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require a complaint to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, the Court assumes that all the facts in the complaint are true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993). The Court is free, however, to ignore "sweeping legal conclusions" and "unwarranted inferences." *Wiles v. Capitol Indem. Corp.,* 280 F.3d 868, 870 (8th Cir. 2002). The Court may consider the complaint's legal sufficiency, but not the weight of the evidence supporting it. *Id.*

The Court should not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The plaintiff must "nudge their claims across the line from conceivable to plausible." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

As noted above, Plaintiff's claims rest on two alleged duties: (1) a duty to record every mortgage transfer; and (2) a duty to record every mortgage transfer truthfully. Defendants ask the Court to dismiss Plaintiffs' complaint because Arkansas imposes no duty to record, and therefore

no duty to record truthfully. The Court will address each of those alleged duties after addressing Plaintiff's illegal-exaction claim separately.

### I.      Illegal-exaction claim

Plaintiff's complaint alleges that Defendants violated Article 16, § 13 of the Arkansas Constitution. That part of Arkansas's constitution states that "[a]ny citizen of any county, city or town may institute suit, in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever." Ark. Const. art. XIII, § 13.

Plaintiff asks the Court to dismiss her illegal-exaction claim without prejudice because she is in bankruptcy and does not plan to pursue the claim. She suggests that her bankruptcy trustee might, however, want to pursue the claim in the future. Defendants ask the Court to dismiss the illegal-exaction claim with prejudice, because it fails to state a claim upon which relief may be granted.

The Court sees no compelling reason to dismiss the illegal-exaction claim without prejudice—as opposed to with prejudice—or to stay the claim because of the bankruptcy. The Court cannot grant relief on that claim no matter who brings it, because Plaintiff's illegal-exaction theory does not comport with the cause of action itself.

An illegal-exaction claim is properly brought by a *citizen* to protect *against* the enforcement of any illegal exaction. Ark. Const. art. XIII, § 13. Such a claim "is brought for the benefit of all the taxpayers." *McGhee v. Ark. Bd. of Collection Agencies*, 360 Ark. 363, 367, 201 S.W.3d 375, 377 (Ark. 2005). "What is at issue in an illegal-exaction case is whether the governmental entity violated Article 16, Section 13." *Worth v. City of Rogers*, 351 Ark. 183, 191, 89 S.W.3d 875, 880 (Ark. 2002).

Plaintiff is not a *taxpayer* suing because the *government* made an illegal exaction—she is a *taxreceiver* suing because a private entity made an allegedly illegal withholding. Plaintiff's illegal-exaction claim thus fails regardless of which of her successors brings the claim. It should therefore be dismissed with prejudice.[3]

## II.     ADTPA and unjust-enrichment claims

Plaintiff's ADTPA and unjust enrichment claims rest on Defendants' alleged duty to record, and to record truthfully. If these duties do not exist, then Plaintiff has failed to state any claim upon which relief may be granted and dismissal is appropriate. Plaintiff alleges two sources of a duty to record: (1) Arkansas law; and (2) Defendants' contracts between themselves. Defendants contend that Arkansas law imposes no duty to record mortgages, and that Plaintiff has no standing to enforce Defendants' contracts between themselves. Defendants further contend that, barring a duty to record, there can be no duty to record truthfully.

### a.  Arkansas law

Arkansas's statutes "do not require assignments to be recorded." *Bryan v. Easton Tire Co.*, 262 Ark. 731, 733, 561 S.W.2d 79, 80 (Ark. 1978). The rationale is easily understood. In Arkansas, a recorded mortgage provides constructive notice to subsequent purchasers that the subject property is encumbered by the mortgage. ARK. CODE ANN. § 14-15-404(a) (West 2012). "But an unrecorded mortgage is good between the parties thereto, and constitutes a lien which may be enforced as against the mortgagor." *Judkins v. State*, 123 Ark. 28, 184 S.W. 407, 408 (Ark. 1916). In other words, a mortgage's legal efficacy as to the original parties is not diminished if the mortgage goes unrecorded. The purpose of recording is simply to give

---

[3] In Plaintiff's response to Defendants' motion to dismiss, she again presses the point that her illegal-exaction claim is properly heard only in the county court for the county in which the exaction took place, citing *Carnegie Public Library of Eureka Springs v. Carroll County*, 2012 Ark. 128 (unpublished). The Court has already addressed that argument, and declines to do so again. (ECF No. 125, at 3).

constructive notice to subsequent purchasers. *See* ARK. CODE ANN. § 14-15-404(a); *Neas v. Whitener-London Realty Co.*, 119 Ark. 301, 178 S.W. 390, 391 (Ark. 1915).

Plaintiff cites no case or authority showing that Arkansas requires recording, and the Court knows of none. In fact, existing law is to the contrary. If a mortgagee wishes to gain the protection of the recording statute, he must pay the recording fee and record. If he wishes, on the other hand, to go unrecorded, he may do so; it may be unwise, but it is not against the law.

The Court thus finds that, under Arkansas law, there is no duty to record a mortgage.

**b.  Defendants' contracts**

Plaintiff also argues that Defendants have imposed upon themselves by contract a duty to record a mortgage when the underlying loan debt is sold to a non-MERS purchaser—in other words, when a mortgage leaves the MERS member pool. Plaintiff claims the right to enforce that contract—and hence, the recording duty it imposes—as a third-party beneficiary to it.

The presumption in Arkansas "is that parties contract only for themselves," and thus courts will not construe a contract as being for the benefit of a third party "unless it clearly appears that such was the intention of the parties." *Elsner v. Farmers Ins. Group*, 364 Ark. 393, 395, 220 S.W.3d 633, 635 (Ark. 2005) (citing *Little Rock Wastewater Util. v. Larry Moyer Trucking, Inc.*, 321 Ark. 303, 306–07, 902 S.W.2d 760, 763 (Ark. 1995)). For a third party to take action on a contract, there must be "substantial evidence of a clear intention to benefit" that party. *Id.* (citing *Little Rock Wastewater Util.*, 321 Ark. at 307, 902 S.W.2d at 763).

Plaintiff supports her third-party-beneficiary argument with bare allegations of being such a beneficiary. She has not shown substantial evidence that Defendants clearly intended to benefit her when they contracted. To the contrary, if Defendants contracted in the first place to avoid recording fees, it seems unlikely that they would contract to require recording in narrow

6

circumstances to benefit circuit clerks. The Court thus finds that Plaintiff is not a third-party beneficiary of Defendants' contracts, and may not enforce any recording duty contained in them.

### c. Truthful disclosure

Defendants argue that if they have no duty to record their mortgages, then they have no duty to record them truthfully.[4] As the Court noted above, Defendants record—or not—for their own benefit. If they record, they obtain notice; if they do not, they forego notice.[5] Because they record for their own benefit, Defendants bear any harm caused by untruthful recording. In *Dempsey v. Merchants Nat'l Bank*, 292 Ark. 207, 215, 729 S.W.2d 150, 154 (Ark. 1987), for example, "[t]he bank made a mistake when it filed its mortgage. It was filed on the wrong land. …The materialmen made no mistake and had a right to rely on the record. Between the parties, the bank must suffer the consequences of its error."

The effect of an accidental recording error and an untruthful recording is the same: both fail to give effective notice. Under either circumstance, Defendants, and they alone, bear the consequences of inaccurate recording. Moreover, even if untruthful recording causes a specific harm to third-parties rather than to the false recorder itself, Plaintiff has not shown that she has suffered that specific harm, and so she lacks standing to sue on that theory. *Brouhard v. Lee*, 125 F.3d 656, 661 (8th Cir. 1997) ("To establish standing, a party must, at a minimum, have suffered an 'injury-in-fact,' fairly traceable to the defendant's conduct, which is likely to be redressed by a favorable decision." (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992))).

The Court thus finds that Defendants have no legal obligation to record truthfully that is enforceable by Plaintiff.

---

[4] Defendants maintain that they *did* record truthfully, but the Court does not reach that issue.
[5] The Court realizes that MERS is in part designed to *maintain* the notice protection of recording. For purposes of determining whether Defendants had a duty to record and to record truthfully, however, the Court focuses merely on Plaintiff's contention that Defendants did not record.

**CONCLUSION**

Plaintiff has failed to state any claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6). Because they had no duty to record their mortgages, Defendants have not deprived Plaintiff or her proposed class of anything to which they are entitled. Accordingly, Defendants' Joint Motion to Dismiss (ECF No. 103) should be and hereby is **GRANTED**. Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. The motions pending at ECF Nos. 14, 21, 105, 107 & 118 are **DENIED AS MOOT**.

IT IS SO ORDERED, this 17th day of September, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge

8

# EXHIBIT 2


Slip Copy, 2012 WL 4058052 (C.A.9 (Nev.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 2012 WL 4058052 (C.A.9 (Nev.)))**

**H**

Only the Westlaw citation is currently available.This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Ninth Circuit Rule 36-3. (Find CTA9 Rule 36-3)

United States Court of Appeals,
Ninth Circuit.
State of NEVADA, ex rel. Barrett R. BATES et al.,
Plaintiff–Appellant,
v.
MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. et al., Defendants–Appellees.

No. 11–16310.
Submitted Aug. 9, 2012.[FN*]

> [FN*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Filed Sept. 17, 2012.

Treva Hearne, Esquire, General, Robert Hager, Hager & Hearne, Mark Mausert, Esquire, Mark Mausert Law Office, Sheryl Serreze, National Legal Team, LLC, Reno, NV, for Plaintiff–Appellant.

Robert M. Brochin, Morgan, Lewis & Bockius LLP, Miami, FL, Patrick G. Byrne, Esquire, Snell & Wilmer L.L.P., Colt B. Dodrill, Wolfe & Wyman LLP, Phoenix, AZ, Kelly Harrison Dove, Esquire, Cynthia Lynn Alexander, Esquire, Litigation Counsel, Aaron Darnell Ford, Sr., Esquire, Snell & Wilmer, LLP, Jacob D. Bundick, Esquire, Ariel Edward Stern, Esquire, Akerman Senterfitt LLP, Richard H. Bryan, Lionel, Sawyer & Collins, Shadd Alan Wade, Esquire, The Cooper Castle Law Firm, LLP, Las Vegas, NV, Thomas Hefferon, Joseph Yenouskas, Goodwin Procter, LLP, Washington,

DC, Lucia Nale, Thomas V. Panoff, Mayer Brown, LLP, Chicago, IL, Leslie Bryan Hart, Courtney Miller O'Mara, Lionel Sawyer & Collins, Reno, NV, for Defendants–Appellees.

Appeal from the United States District Court for the District of Nevada, Robert C. Jones, District Judge, Presiding. D.C. No. 3:10–CV–00407–VPC.

Before SCHROEDER and CALLAHAN, Circuit Judges, and KORMAN, District Judge.[FN**]

> [FN**] The Honorable Edward R. Korman, District Judge for the United States District Court for the Eastern District of New York, sitting by designation.

MEMORANDUM [FN***]

> [FN***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**\*1** Plaintiff Barrett R. Bates, a realtor, filed suit under the Nevada False Claims Act ("NFCA"), Nev.Rev.Stat. §§ 357.010 et seq, against Defendants Mortgage Electronic Registration System, Inc. ("MERS"), Bank of America, N.A., Citimortgage, Inc., GMAC Mortgage LLC,[FN1] Wells Fargo, N.A., as well as a law firm, Cooper Castle, and a trustee at a title company, Stanley S. Silva (collectively, "Defendants"), on behalf of numerous Nevada counties. Bates alleged that Defendants made false representations in naming MERS as a beneficiary in recorded mortgage documents in order to avoid paying recording fees. Defendants removed the case to federal court based on diversity of citizenship. Bates then filed a motion to remand. The district court denied Bates's motion to remand and dismissed the case, concluding that it had diversity jurisdiction and that Bates failed to state a claim for a violation of the NFCA. We have juris-

diction under 28 U.S.C. § 1291, and we affirm the district court.FN2

> FN1. GMAC Mortgage LLC has since filed a Notice of Bankruptcy, and this appeal is automatically stayed as to GMAC.

> FN2. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

**1.** As an initial matter, Bates contends that because the State of Nevada is a real party in interest, diversity jurisdiction is defeated and the case should have been remanded to state court. The district court properly determined that Bates did not assert any plausible claims against Defendants on behalf of the State. Under *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 461 (1980), courts "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Because Bates has not met his burden of pointing to any allegations in the complaint to support his contention that the State is more than a nominal party, the court properly denied the motion to remand.

**2.** The NFCA provides that a defendant may be held liable if it "[k]nowingly makes or uses ... a false record or statement to conceal, avoid or decrease an obligation to pay or transmit money or property to the State or a political subdivision." Nev.Rev.Stat. § 357.040(1)(g). Bates does not allege that Defendants had an "obligation" to the Counties to record assignments of interests in loans and pay corresponding recording fees. He cannot make this allegation because there is no such "obligation" under Nevada law. Because Defendants had no "obligation" to record assignments or other documents relating to securing property, Bates failed to state a claim of liability under Nev.Rev.Stat. § 357.040(1)(g). Accordingly, he has not stated a claim under Rule 12(b)(6).FN3

> FN3. Because we conclude that the district

court did not err in dismissing Bates's claims for failure to state a claim under Rule 12(b)(6), we do not reach Defendants' argument that the dismissal may be upheld because Bates's action is jurisdictionally barred under the NFCA.

**3.** Bates contends that the district court erred in denying his motion to certify a question to the Nevada Supreme Court.FN4 The district court properly denied Bates's motion because the question was not determinative. *See* Nev. R.App. P. 5(a) (the Nevada Supreme Court will only accept certification of "questions of law of this state which may be determinative of the cause then pending in the certifying court."). Several weeks after the district court issued an order explaining that Bates had not stated a claim, Bates sought certification of an issue that had nothing to do with the theories in his complaint. Thus, Bates improperly sought certification of a question that was not before the district court, and the court did not abuse its discretion in declining to certify the question.

> FN4. The requested question was:

> Under the Nevada nonjudicial foreclosure statute, when a Notice of Default is recorded by a Trustee or other purported agent of the beneficiary prior to the recording of a document appointing that Trustee or purported agent, is the resulting foreclosure invalid so as to require at least one additional document to be recorded to correct the foreclosure process?

**\*2** Accordingly, the district court's judgment is **AFFIRMED.**

C.A.9 (Nev.),2012.
Nevada ex rel. Bates v. Mortgage Electronic Registration System, Inc.
Slip Copy, 2012 WL 4058052 (C.A.9 (Nev.))

END OF DOCUMENT

# EXHIBIT 3


--- F.3d ----, 2012 WL 4054142 (C.A.9 (Cal.))
**(Cite as: 2012 WL 4054142 (C.A.9 (Cal.)))**

**H**

Only the Westlaw citation is currently available.

United States Court of Appeals,
Ninth Circuit.
Barrett BATES, State OF California ex rel. Barrett
R. Bates, qui tam plaintiff, on behalf of real parties
in interest, Alameda County, et al.,
Plaintiff–Appellant,
v.
MORTGAGE ELECTRONIC REGISTRATION
SYSTEM, INC.; Bank Of America, NA; Bank of
America, NA, fka Countrywide Home Loans, Inc.;
Citimortgage, Inc.; GMAC Mortgage LLC; Jpmor-
gan Chase Bank; Wells Fargo Bank, NA, Defend-
ants–Appellees.

No. 11–15894.
Submitted Aug. 9, 2012.FN*
Filed Sept. 17, 2012.

**Background:** Real estate agent brought state-court
qui tam action on behalf of counties under Califor-
nia False Claims Act (CFCA), alleging that Mort-
gage Electronic Registration System (MERS) and
lenders falsely named MERS as beneficiary in re-
corded mortgage documents in order to avoid re-
cording fees when interests in loans were trans-
ferred. MERS removed action to federal court.
Plaintiff moved to remand. The United States Dis-
trict Court for the Eastern District of California,
Garland E. Burrell, Jr., J., 2010 WL 2889061,
denied motion. Defendants moved to dismiss. The
District Court, 2011 WL 892646, granted motion.
Plaintiff appealed.

**Holdings:** The Court of Appeals, Callahan, Circuit
Judge, held that:
(1) counties, not state of California, were real
parties in interest, and thus California was disreg-
arded when determining whether complete diversity
existed, and
(2) CFCA's public disclosure provision precluded
subject-matter jurisdiction over action.

Affirmed.

**West Headnotes**

**[1] Federal Courts 170B €══776**

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(K) Scope, Standards, and Extent
            170BVIII(K)1 In General
                170Bk776 k. Trial De Novo. Most
Cited Cases
    District court's dismissal for lack of subject
matter jurisdiction is reviewed de novo by the
Court of Appeals. Fed.Rules Civ.Proc.Rule
12(b)(1), 28 U.S.C.A.

**[2] Removal of Cases 334 €══107(9)**

334 Removal of Cases
    334VII Remand or Dismissal of Case
        334k107 Proceedings for Remand and Re-
view Thereof
            334k107(9) k. Review. Most Cited Cases
    District court's denial of a motion to remand an
action removed from state court is reviewed de
novo by the Court of Appeals.

**[3] Federal Courts 170B €══289**

170B Federal Courts
    170BIV Citizenship, Residence or Character of
Parties, Jurisdiction Dependent on
        170BIV(B) Controversies Between Citizens
of Different States
            170Bk289 k. Necessary and Unnecessary
Parties; Nominal or Formal Parties. Most Cited
Cases
    Federal courts must disregard nominal or form-
al parties and rest diversity jurisdiction only upon
the citizenship of real parties to the controversy. 28
U.S.C.A. § 1332.

**[4] Removal of Cases 334 €══29**

334 Removal of Cases
 334III Citizenship or Alienage of Parties
  334k28 Diversity of Citizenship of Co-plaintiffs and Codefendants
   334k29 k. In General. Most Cited Cases

Counties, not state of California, were real parties in interest in real estate agent's qui tam action on behalf of counties under California False Claims Act (CFCA), and thus California was disregarded when determining whether complete diversity existed in removed action alleging that Mortgage Electronic Registration System (MERS) and lenders falsely named MERS as beneficiary in recorded mortgage documents in order to avoid county recording fees when interests in loans were transferred; if agent were successful in his suit, California would not realize any benefit as a result, because suit was brought to remedy alleged fraud committed solely against counties. West's Ann.Cal.Gov.Code § 12650 et seq.; 28 U.S.C.A. § 1332.

**[5] Counties 104 ⟪⟫197**

104 Counties
 104XI Claims Against County
  104k197 k. Nature of Claims Required to Be Presented. Most Cited Cases

California False Claims Act's (CFCA's) public disclosure provision precluded subject-matter jurisdiction over real estate agent's qui tam action on behalf of counties, which alleged that Mortgage Electronic Registration System (MERS) and lenders falsely named MERS as beneficiary in recorded mortgage documents in order to avoid county recording fees when interests in loans were transferred; agent's allegations revealed the equivalent of information already publicly available through other cases and published articles, and it was temporally impossible for agent to have been the catalyst for the public disclosures, as the disclosures predated agent's alleged discovery of defendants' fraud. West's Ann Cal.Gov.Code §§ 12652(d)(3)(A), 12652(d)(3)(B).

**[6] States 360 ⟪⟫188**

360 States
 360V Claims Against State
  360k188 k. Making or Presentation of False Claims. Most Cited Cases

California False Claims Act (CFCA) is a whistleblower statute that is designed to protect public finances by allowing individuals to file suit under seal on behalf of the state or counties. West's Ann.Cal.Gov.Code § 12650 et seq.

**[7] Counties 104 ⟪⟫197**

104 Counties
 104XI Claims Against County
  104k197 k. Nature of Claims Required to Be Presented. Most Cited Cases

**States 360 ⟪⟫188**

360 States
 360V Claims Against State
  360k188 k. Making or Presentation of False Claims. Most Cited Cases

California False Claims Act's (CFCA's) public disclosure provision erects a jurisdictional bar to qui tam actions on behalf of the state or counties that do not assist the government in ferreting out fraud because the fraudulent allegations or transactions are already in the public domain. West's Ann.Cal.Gov.Code § 12652(d)(3)(A).

**[8] Counties 104 ⟪⟫197**

104 Counties
 104XI Claims Against County
  104k197 k. Nature of Claims Required to Be Presented. Most Cited Cases

**States 360 ⟪⟫188**

360 States
 360V Claims Against State
  360k188 k. Making or Presentation of False Claims. Most Cited Cases

Qui tam action on behalf of the state or counties under the California False Claims Act (CFCA) is barred under the CFCA's public disclos-

--- F.3d ----, 2012 WL 4054142 (C.A.9 (Cal.))
**(Cite as: 2012 WL 4054142 (C.A.9 (Cal.)))**

ure provision when prior public disclosures are sufficient to place the government on notice of the alleged fraud or practice prior to the filing of the qui tam action. West's Ann.Cal.Gov.Code § 12652(d)(3)(A).

**[9] Counties 104 ⚙️197**

104 Counties
    104XI Claims Against County
        104k197 k. Nature of Claims Required to Be Presented. Most Cited Cases

**States 360 ⚙️188**

360 States
    360V Claims Against State
        360k188 k. Making or Presentation of False Claims. Most Cited Cases

Qui tam action on behalf of the state or counties under the California False Claims Act (CFCA) is barred under the CFCA's public disclosure provision when prior public disclosures are "substantially similar" to the plaintiff's allegations, which means that the public disclosures need not consist of legal conclusions identical to those of the plaintiff; rather, the lawsuit is jurisdictionally barred if the complaint substantially repeats facts that are already known. West's Ann.Cal.Gov.Code § 12652(d)(3)(A).

Treva J. Hearne and Robert R. Hager, Hager & Hearne, Reno, NV, and Mark Mauser, Reno, NV, for the plaintiff-appellant.

Thomas Hefferon and Joseph Yenouskas, Goodwin Procter LLP, Washington, DC, Robert Padway, Robert James Esposito and Deborah Anne Goldfarb, Bryan Cave LLP, San Francisco, CA, and Robert M. Brochin, Morgan, Lewis & Bockius LLP, Miami, FL, for the defendants-appellees.

Appeal from the United States District Court for the Eastern District of California. Garland E. Burrell, Jr., District Judge, Presiding. D.C. No. 2:10–cv–01429–GEB–CMK.

Before Mary M. Schroeder and Consuelo M. Callahan, Circuit Judges, and Edward R. Korman, District Judge.[FN**]

**OPINION**

CALLAHAN, Circuit Judge:

*1 Plaintiff Barrett R. Bates, a realtor, filed suit under the California False Claims Act ("CFCA"), Cal. Gov't Code §§ 12650–12655, against Defendants Mortgage Electronic Registration System, Inc. ("MERS"), Bank of America, N.A., Countrywide Home Loans, Inc., Citimortgage, Inc., GMAC Mortgage LLC,[FN1] J.P. Morgan Chase Bank, and Wells Fargo, N.A. (collectively, "Defendants") on behalf of numerous California counties. Bates alleged that Defendants made false representations in naming MERS as a beneficiary in recorded mortgage documents in order to avoid paying recording fees. Defendants moved to dismiss the *qui tam* action under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted. Following Defendants' motions, Bates filed a motion for leave to file a Second Amended Complaint. The district court concluded that the public disclosure provision in the CFCA required dismissal of the action for lack of subject matter jurisdiction and, as a result, it did not analyze the 12(b)(6) motion or the motion to amend. Because Bates has failed to demonstrate that the district court erred in dismissing his claims as jurisdictionally barred, we affirm the district court's decision.

**I. BACKGROUND**

On July 17, 2009, Bates filed his first complaint in state court, alleging violations of the CFCA on behalf of the real parties in interest, the Counties of the State of California. On May 10, 2010, Bates filed the First Amended Complaint ("FAC"), which is the subject of this appeal. In the FAC, Bates alleged that, during the course of his work as a realtor in the secondary mortgage market business in June 2009, he discovered that Defendants were making false statements in order to avoid

or decrease recording fees. Specifically, Bates alleged that Defendants falsely named MERS as a beneficiary in recorded mortgage documents. Bates's theory of liability involves the use of the MERS loan registry system ("MERS System"), which allows parties to a loan (borrowers and lenders) to agree that MERS can serve as mortgagee on the loan documents as nominee for the noteholder. Thus, when interests in the loans are transferred, the mortgage does not need to be assigned but instead the identity of the secured party is tracked by the MERS System.[FN2] Bates argues that this system is fraudulent because the lenders' decision not to create and record assignments of a MERS mortgage deprived the Counties of recording-fee revenues.

## II. DISTRICT COURT PROCEEDINGS

MERS removed the action to the United States District Court for the Eastern District of California, asserting diversity jurisdiction under 28 U.S.C. § 1332. On June 18, 2010, Bates filed a motion to remand to state court, contending that the State of California was a real party in interest in the lawsuit whose presence destroyed diversity. The District Court denied Bates's motion, finding that complete diversity existed between the parties and that the amount in controversy, exclusive of interest and costs, exceeded $75,000. The court held that the State was a nominal party, whose listing in the caption of the FAC would be disregarded in determining diversity of citizenship because Bates's suit only sought to recover recording fees which, when due, are payable to and usable by the Counties exclusively. Accordingly, the district court determined that the only real parties in interest were the Counties, and Bates had "failed to point to any allegation in his complaint showing that he is also suing on behalf of the State."

**\*2** Between August 19 and August 23, 2010, Defendants filed motions to dismiss the FAC, contending that the claims were jurisdictionally barred under the CFCA. The district court granted the motion to dismiss, holding that Bates's suit was juris-

dictionally barred by the "public disclosure" exception of the CFCA. In ruling on the motions to dismiss, the district court reasoned that because Bates's allegations "are substantially similar to information already in the public domain," his action is barred by the CFCA. *State ex rel. Grayson v. Pac. Bell Tel. Co.,* 142 Cal.App.4th 741, 749, 48 Cal.Rptr.3d 427 (2006). The court further reasoned that Bates could not have been an "original source" leading to the public disclosure of the fraudulent acts because he alleged that he became aware of these acts only in June 2009, which was long after the information was already in the public domain. Because the district court found this issue dispositive, it declined to rule on Defendants' motion to dismiss for failure to state a claim.

Following the court's ruling on the motions to dismiss, the district court entered judgment in favor of Defendants. Bates timely appealed. We have jurisdiction under 28 U.S.C. § 1291.

## III. ANALYSIS

A. *Standard of Review*

[1][2] The district court's dismissal under Federal Rule of Civil Procedure 12(b)(1) and denial of the motion to remand are reviewed de novo. *A–1 Ambulance Serv., Inc. v. California,* 202 F.3d 1238, 1242–43 (9th Cir.2000). All of the facts alleged in the complaint are presumed true, and the pleadings are construed in the light most favorable to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.,* 559 F.3d 1028, 1029–30 (9th Cir.2009).

B. *The Court Did Not Err in Denying Bates's Motion to Remand.*

[3][4][5] As an initial matter, Bates contends that because the State of California is a real party in interest, diversity jurisdiction is defeated and the case should have been remanded to state court. However, the district court properly determined that Bates "failed to point to any allegation in his complaint showing that he is also suing on behalf of the State." Under *Navarro Savings Ass'n v. Lee,* 446

U.S. 458, 461, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980), courts "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Bates cannot resuscitate his motion to remand through conjecture when his pleadings do not disclose any ground for treating the State as a real party in interest. If Bates were successful in his suit, the State would not realize any benefit as a result. Because the FAC discloses that this suit was brought to remedy an alleged fraud committed solely against the Counties, the Counties are the real parties in this controversy. Accordingly, the district court properly denied the motion to remand.

C. *Bates's Qui Tam Action is Jurisdictionally Barred by the CFCA.*

[6][7] The CFCA is a "whistleblower" statute that is designed to protect public finances by allowing individuals to file suit under seal on behalf of the State or Counties. However, to prevent profiteering, the CFCA provides that "[n]o court shall have jurisdiction" over a *qui tam* civil action under the statute when the action is "based upon the public disclosure" of the allegations of transactions raised in the action. Cal. Gov't Code § 12652(d)(3)(A). This public disclosure provision "erects a jurisdictional bar to *qui tam* actions that do not assist the government in ferreting out fraud because the fraudulent allegations or transactions are already in the public domain." *Grayson,* 142 Cal.App.4th at 748, 48 Cal.Rptr.3d 427 (internal citation omitted).

***3** [8] An action is barred under the public disclosure provision when the prior public disclosures are "sufficient to place the government on notice of the alleged fraud" or "practice prior to the filing of the qui tam action." *Id.* at 748, 752, 48 Cal.Rptr.3d 427. "A relator's ability to recognize the legal consequences of a publicly disclosed fraudulent transaction does not alter the fact that the material elements of the violation already have been publicly disclosed." *United States ex rel. Findley v. FPC–Boron Emps. Club,* 105 F.3d 675, 688 (D.C.Cir.1997). As the court below concluded, the numerous prior public disclosures sufficed to place the government on notice of the factual allegations in Bates's FAC.

[9] Bates contends that, under *City of Hawthorne v. H & C Disposal Co.,* 109 Cal.App.4th 1668, 1678, 1 Cal.Rptr.3d 312 (2003), prior to his litigation, no one "sufficiently alerted the government to the possibility" fraud was being committed. He further contends that he was the "original source" of the allegations in the complaint, and that the court "misapplied the law in holding that [Bates] could not qualify as an 'original source' based solely on the dates of the articles and other information purportedly within the public domain." However, we conclude that substantially similar information to Bates's allegations already existed in the public domain at the time he filed suit. Bates's allegations reveal the equivalent of information already available to the public through other cases and published articles: that MERS is named as a beneficiary in mortgage documents and that the MERS System allows parties to avoid the recordation of mortgage documents and payment of the corresponding fees to the Counties. To be considered "substantially similar" under *Grayson,* the public disclosures need not consist of legal conclusions identical to those of the *qui tam* plaintiff. *Grayson,* 142 Cal.App.4th at 750–52, 48 Cal.Rptr.3d 427. Rather, the lawsuit is jurisdictionally barred if the complaint "substantially repeats" facts that are already known. *Id.* FN3

Moreover, Bates cannot escape the public disclosure bar by arguing that he was the "original source" of the information because his alleged discovery of the MERS System fraud in June 2009 postdated numerous public disclosures. It is thus temporally impossible for Bates's discovery of the information to have been the catalyst for the public disclosures. Bates cannot demonstrate that a causal relationship exists between himself and the public disclosures. *See* Cal. Gov't Code § 12652(d)(3)(B) (" 'Original source' means an individual ... whose

information provided the basis or catalyst for the investigation, hearing, audit, or report that led to the public disclosure."). Accordingly, the district court properly dismissed the action as jurisdictionally barred. FN4

**IV. CONCLUSION**

The district court did not err in denying Bates's motion to remand the action to state court because Bates did not demonstrate how the State of California is anything more than a nominal party. Furthermore, Bates's factual allegations regarding the MERS System had already been publicly disclosed, and the dates in the FAC foreclose the possibility that Bates could be an original source of the information. Accordingly, the district court properly found that Bates's claims are jurisdictionally barred by the CFCA. The district court's judgment is **AFFIRMED.**

FN* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

FN** The Honorable Edward R. Korman, District Judge for the United States District Court for the Eastern District of New York, sitting by designation.

FN1. GMAC Mortgage LLC has since filed a Notice of Bankruptcy, and this appeal is automatically stayed as to GMAC.

FN2. We recently discussed MERS at length in affirming the dismissal of a putative class action lawsuit alleging that lenders (some of whom are Appellees here) used the MERS System to commit fraud and facilitate wrongful foreclosures. See *Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034 (9th Cir.2011) (explaining that MERS was specifically created as a solution to streamline the tedious recording process).

FN3. Bates attempts to dissuade us from applying *Grayson,* arguing that the California Court of Appeal decision "erroneously applied a federal standard." Bates's argument is not well-taken. This court is bound to follow the appellate decision from California "in the absence of convincing evidence that the highest court of the state would decide [the issue] differently." *Hubbard v. SoBreck, LLC,* 554 F.3d 742, 745 (9th Cir.2009). Bates has provided no such convincing evidence in his briefs. Further, *Grayson* did not erroneously apply a federal standard. Accordingly, we accept *Grayson* as setting forth California law.

FN4. Because we conclude that the district court did not err in dismissing Bates's claims for lack of subject matter jurisdiction, we do not reach Defendants' argument that the dismissal may be upheld because Bates failed to state a claim upon which relief may be granted.

C.A.9 (Cal.),2012.
Bates v. Mortgage Electronic Registration System, Inc.
--- F.3d ----, 2012 WL 4054142 (C.A.9 (Cal.))

END OF DOCUMENT