UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

| | | |
|---|---|---|
| DOUG WELBORN, IN HIS OFFICIAL CAPACITY AS CLERK OF COURT OF THE NINETEENTH JUDICIAL DISTRICT FOR THE PARISH OF EAST BATON ROUGE, LOUISIANA; et al.; | § § § § § § | CIVIL ACTION NO. 3:12-CV-220 |
| Plaintiffs, | § § | |
| v. | § § | |
| THE BANK OF NEW YORK MELLON; et al.; | § § § | |
| Defendants. | § | |

### PLAINTIFFS' REPLY TO DEFENDANTS' JOINT OPPOSITION TO MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF TO DEFENDANTS' JOINT MOTION TO DISMISS SECOND AMENDED COMPLAINT

Defendants contend that Plaintiffs should not be granted leave to file a sur-reply brief to Defendants' Motion to Dismiss[1] because no new issues were raised by Defendants in their Reply brief[2], and because a sur-reply would violate the parties' August 24, 2012 stipulation[3]. Defendants are incorrect on both accounts.

Plaintiffs did not raise new claims for the first time in their Response brief[4]. The duty to create and maintain a perfected lien on mortgages backing securities issued to the public was asserted in Plaintiffs' Original Complaint and First Amended Complaint. *See* Plaintiff's Original Complaint ¶ 41; Plaintiffs' First Amended Complaint ¶ 41. Plaintiffs merely clarified that

---

[1] Memorandum of Law in Support of Defendants' Motion to Dismiss First Amended Complaint, July 20, 2012 (Document #69-1) ("Motion to Dismiss").
[2] Reply Brief in Support of Defendants' Joint Motion to Dismiss, September 10, 2012 (Document #94) ("Reply").
[3] Stipulation Regarding Plaintiffs' Motion for Leave to File Second Amended Complaint, August 24, 2012 (Document #89) ("stipulation").
[4] Memorandum of Law in Support of Plaintiffs' Response to Defendants' Motion to Dismiss First Amended Complaint, August 10, 2012 (Document #77) ("Response").

assertion in their Second Amended Complaint and Response brief. It was Defendants who made entirely new legal arguments regarding the duty to maintain perfection of securitized liens for the first time in their Reply brief.

Defendants' Reply brief also significantly altered the bases of their arguments such that they rose to the level of new arguments. Defendants' initial Motion to Dismiss claimed that Plaintiffs had not pled specific intent to defraud at all, whereas their Reply brief claimed for the first time that ignorance of federal laws was an obvious alternative explanation for the alleged intent. *See* Motion to Dismiss p. 22-23; Reply p. 17-18. Defendants' Motion to Dismiss argues that Plaintiffs have not pled *fraud* with adequate specificity, while their Reply raises the argument that *conspiracy* has not been adequately pled. *See* Motion to Dismiss p. 23-24; Reply p. 18-19. Defendants also decline to properly assert an argument regarding "piercing the corporate veil" in their Motion to Dismiss, claiming in a footnote that the Court need not reach that issue; however, they devote an entire section of their Reply brief to the argument, claiming Plaintiffs have conceded it. *See* Motion to Dismiss p. 27 n.14; Reply p. 19. While these new arguments are largely red herrings designed to confuse the relevant issues, Plaintiffs believe a sur-reply will be helpful in clarifying these issues.

The sur-reply does not violate either the letter or the spirit of the parties' stipulation, nor was it Plaintiffs' intent to do so. The parties agreed: 1) not to oppose Plaintiffs' filing their Second Amended Complaint; 2) to construe Defendants' Motion to Dismiss as a motion to dismiss Plaintiffs' Second Amended Complaint; and 3) to grant Defendants an extension to file their reply brief. *See* stipulation p. 2. While a sur-reply was not specifically discussed at that time, there was certainly no agreement that Plaintiffs would not request leave to file a sur-reply.

When counsel conferred regarding the sur-reply on September 17, 2012, defense counsel did not express concern that a sur-reply would violate the parties' earlier stipulation.

At the time of the stipulation, Defendants had read both Plaintiffs' Second Amended Complaint and Response brief. Still, Defendants chose not to file a new motion to dismiss wherein they could have raised new arguments based on the amended pleadings. Instead, Defendants raised the new arguments in their Reply, knowing Plaintiffs would have no opportunity to respond to those arguments. Plaintiffs had not read Defendants' Reply brief at the time of the stipulation and had no way of knowing that Defendants intended to raise new issues therein.

Plaintiffs respectfully request that their Motion for Leave to File Sur-Reply Brief to Defendants' Joint Motion to Dismiss Second Amended Complaint be granted and that their Sur-Reply Brief be accepted for filing and consideration by this Court.

Respectfully submitted,

*[signature]*

**BLUME, FAULKNER,**
**SKEEN & NORTHAM, PLLC**
**Richard D. Faulkner,** *Local Counsel*
Louisiana Bar No. 05470
**James D. Blume**
Admitted *Pro Hac Vice*
111 W. Spring Valley Road
Suite 250
Richardson, Texas 75081
(214) 373-7788
(214) 373-7783 – fax

**TED B. LYON & ASSOCIATES**
**Ted B. Lyon,** *Trial Attorney*
Admitted *Pro Hac Vice*
**Marquette Wolf**
Admitted *Pro Hac Vice*
**Benjamin Barmore**
Admitted *Pro Hac Vice*
18601 LBJ Freeway
Suite 525
Mesquite, Texas 75150
(972) 279-6571
(972) 279-3021 - fax

**MARTINY & ASSOCIATES, LLC**
**Daniel R. Martiny**
Louisiana Bar No. 09012
131 Airline Drive
Suite 201
Metairie, Louisiana 70001
(504) 834-7676
(504) 834-5409 - fax

**MURRAY, DARNELL &**
**ASSOCIATES, LLC**
**Edwin R. Murray**
Louisiana Bar No. 17069
1540 North Broad Street
New Orleans, Louisiana 70119
(504) 945-0042
(504) 942-5268 – fax

**BARKER, BOUDREAUX,**
**LAMY & FOLEY**
**Daniel S. Foley**
Louisiana Bar No. 05632
228 Saint Charles Avenue
Suite 1110
New Orleans, Louisiana 70130
(504) 586-9395
(504) 586-9410 - fax

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the ___9___ day of October, 2012, a copy of the foregoing document was filed electronically to the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all CM/ECF participants by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to all non-CM/ECF participants, if any.

_____
Richard D. Faulkner