UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

| | |
|---|---|
| DOUG WELBORN, IN HIS OFFICIAL CAPACITY AS CLERK OF COURT OF THE NINETEENTH JUDICIAL DISTRICT FOR THE PARISH OF EAST BATON ROUGE, LOUISIANA *et al.*, | |
| Plaintiffs, | CIVIL ACTION NO. 3:12-CV-220 |
| v. | |
| THE BANK OF NEW YORK MELLON *et al.*, | |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE
TO FILE RESPONSE TO PLAINTIFFS' SUR-REPLY BRIEF
ON DEFENDANTS' MOTION TO DISMISS**

Plaintiffs oppose Defendants' Motion for Leave to File Response to Plaintiffs' Sur-Reply Brief on Defendants' Motion to Dismiss (Dkt. #114) and respectfully request that it be denied.

It is proper to deny a motion for leave to file a sur-reply where the party fails to demonstrate exceptional or extraordinary circumstances warranting the relief sought. *Weems v. Hodnett*, No. 10-cv-1452, 2011 U.S. Dist. LEXIS 75172, at *2 (W.D. La. July 13, 2011). In seeking leave to file a sur-reply brief, a party must identify the new issues, theories or arguments which the movant raised for the first time in its reply brief. *Id*. The same standard presumably should apply to responses to sur-reply briefs.

The court in *Weems* further noted that, "In the past two years or so, however, there has been an explosion of requests to file surreplies…The trend has reached the point that some 'must have the last word' lawyers have even sought leave to file a *fifth* brief (the name for which has not yet been settled upon by the bar) to respond to a surreply. This must stop." *Id*. at *4.

Defendants fail to cite any new issues or extraordinary circumstances which would warrant a fifth brief on the pending motion to dismiss. Defendants attempt to justify the need for a response to the sur-reply because, "Plaintiffs attempt to address a number of cases that were cited not only in Defendants' reply brief, but in their original motion to dismiss." (Dkt. #114, page 1). These are clearly not new issues which warrant additional briefing since Plaintiff has merely responded to arguments already made and addressed by Defendants in two prior briefs.

Defendants also claim, "The Sur-Reply also makes additional arguments about the Trust Indenture Act, which was not referenced in the complaint but cited for the first time in Plaintiffs' opposition brief." (Dkt. #114, page 1). Defendants fail to specify what the "additional arguments" are, which means they have not demonstrated sufficient circumstances to warrant an additional brief. Defendants further admit that the Trust Indenture Act was cited in Plaintiffs' first opposition brief, and thus, it was not a new issue raised in the later sur-reply. Defendants' reply brief has already responded to Plaintiffs' opposition and the Trust Indenture Act arguments. A fifth brief is not necessary.

This request differs from Plaintiffs' request for leave to file sur-reply. There, Plaintiffs specifically identified the new arguments raised in Defendants' reply brief which the sur-reply sought to address. Defendants have not identified any new arguments here. Plaintiffs also cited to the circumstances of the parties' prior stipulation (Dkt. #89) as an exceptional circumstance warranting a sur-reply. No extraordinary circumstances have been cited by Defendants.

A review of Defendants' proposed pleading indicates Defendants are merely reiterating the same arguments previously set forth in their initial motion and reply briefs. Plaintiffs believe the response to the sur-reply would be repetitive, would not assist the Court in evaluating the issues before it, and would serve no purpose other than to allow Defendants to have the last

word. Plaintiffs respectfully request that Defendants' Motion for Leave to File Response to Plaintiffs' Sur-Reply Brief on Defendants' Motion to Dismiss be denied.

Respectfully submitted,

/s/ E. John Litchfield

| | |
|---|---|
| **BERRIGAN, LITCHFIELD, SCHONEKAS, MANN & TRAINA, LLC** <br> **E. John Litchfield** <br> Louisiana Bar No.: 08622 <br> 201 Saint Charles Avenue, Suite 4204 <br> New Orleans, Louisiana 70170 <br> (504) 568-0541 <br> (504) 561-8655 – fax | **TED B. LYON & ASSOCIATES** <br> **Ted B. Lyon,** *Trial Attorney* <br> Admitted *Pro Hac Vice* <br> **Marquette Wolf** <br> Admitted *Pro Hac Vice* <br> **Benjamin Barmore** <br> Admitted *Pro Hac Vice* <br> 18601 LBJ Freeway <br> Suite 525 <br> Mesquite, Texas 75150 <br> (972) 279-6571 <br> (972) 279-3021 - fax |
| **BLUME, FAULKNER,** <br> **SKEEN & NORTHAM, PLLC** <br> **Richard D. Faulkner,** *Local Counsel* <br> Louisiana Bar No. 05470 <br> **James D. Blume** <br> Admitted *Pro Hac Vice* <br> 111 W. Spring Valley Road <br> Suite 250 <br> Richardson, Texas 75081 <br> (214) 373-7788 <br> (214) 373-7783 – fax | **MURRAY, DARNELL & ASSOCIATES, LLC** <br> **Edwin R. Murray** <br> Louisiana Bar No. 17069 <br> 1540 North Broad Street <br> New Orleans, Louisiana 70119 <br> (504) 945-0042 <br> (504) 942-5268 – fax |
| **MARTINY & ASSOCIATES, LLC** <br> **Daniel R. Martiny** <br> Louisiana Bar No. 09012 <br> 131 Airline Drive <br> Suite 201 <br> Metairie, Louisiana 70001 <br> (504) 834-7676 <br> (504) 834-5409 - fax | **BARKER, BOUDREAUX,** <br> **LAMY & FOLEY** <br> **Daniel S. Foley** <br> Louisiana Bar No. 05632 <br> 228 Saint Charles Avenue <br> Suite 1110 <br> New Orleans, Louisiana 70130 <br> (504) 586-9395 <br> (504) 586-9410 – fax |

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this the 26th day of November, 2012, a copy of the foregoing document was filed electronically to the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all CM/ECF participants by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to all non-CM/ECF participants, if any.

                                            /s/ E. JohnLitchfield
                                            E. John Litchfield